UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

MARCUS HARRIS, an individual

    Plaintiff

v.

CODY BORTA, an individual

    Defendant

Case No. _____-CV-_____

Hon.:

William F. Piper (P38636)
William F. Piper, PLC
Attorney for plaintiff
9848 Portage Road
Portage, MI 49002
Phone: 269.321.5008
Facsimile: 269.321.5009
wpiper@wpiperlaw.com

## COMPLAINT

The plaintiff Marcus Harris, by and through his attorney William F. Piper, PLC for his complaint, states as follows:

## JUDICIAL ALLEGATIONS

1. The plaintiff, Marcus Harris, is an African American man who resides in the City of Grand Rapids, County of Kent, State of Michigan, and he resided therein at all times relevant to this complaint.

2. The defendant, Cody Borta, was, at all times relevant to this complaint a police officer for the City of Grand Rapids Police Department in the County of Kent.

3. The events complained of were committed by the defendant under color of state law but not under a legitimate exercise of governmental authority in the City of Grand Rapids, County of Kent, State of Michigan.

4. Jurisdiction of this court arises under 28 USC §1331 and 28 USC §1343.

5. The federal claims in this case arise under 42 USC §1983.

6. Certain claims alleged herein arise under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## **COMMON ALLEGATIONS**

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this complaint.

8. On July 6, 2024, at approximately 7:30 p.m., Mr. Harris picked up his brother from outside of an apartment complex, and he also had a female passenger in the car.

9. Mr. Harris was dressed in nice clothes, as the group was traveling to a restaurant for dinner.

10. Mr. Harris at all times obeyed all traffic laws.

11. The defendant Cody Borta made a traffic stop of Mr. Harris on Fuller Avenue in Grand Rapids, asserting falsely to him that there was a valid warrant for the arrest of his brother.

12. At the time of the stop there were several police cars behind Mr. Harris' vehicle.

13. Mr. Harris and his brother exited the vehicle, with Mr. Harris exiting from the driver's seat, and his brother from the front passenger seat.

14. After he exited the car Mr. Harris noticed that several officers were pointing guns at him and his brother, and he became very frightened and scared for his life.

15. An officer then shouted to Mr. Harris' brother, "Are you Martez Harris?", or something to that effect.

16. There was a person with a camera driving around apparently getting footage of the stop.

17. The defendant and other officers demanded that Mr. Harris' brother get on his knees.

18. Mr. Harris' brother did, and the defendant and other officers then rushed forward, handcuffed Mr. Harris' brother and placed him in a police cruiser.

19. The defendant and other officers demanded that Mr. Harris get on his knees. They did not make the same demand to Mr. Harris' female passenger, who had also already exited the vehicle.

20. Mr. Harris did not get on his knees because of the nice clothing he was wearing, but he did not resist while the defendant handcuffed him.

21. The defendant then did a pocket search of Mr. Harris' pants without permission from Mr. Harris to do so, withdrawing his wallet, phone, money and other items from his pockets without any reasonable basis to do so.

22. After doing so, the defendant returned Mr. Harris' wallet, phone and other items to him.

23. The defendant then put Mr. Harris in the back of a police cruiser.

24. While Mr. Harris was in the police cruiser, and when nobody was in his car, the defendant and /or other officers searched Mr. Harris' car for no reason or justification, and without consent.

25. A person who appeared to be a sergeant then said "Why are they searching his car?" or something to that effect, near Mr. Harris, about 40 feet from Mr. Harris' car.

26. After searching Mr. Harris' car, the defendant let Mr. Harris go.

27.     As a result of the incident Mr. Harris was not able to go to dinner.

28.     The defendant and others then took Mr. Harris' brother to jail.

29.     Later, Mr. Harris received a call in which he was told that the arrest off his brother was a mistake, and he was asked if he could meet them to get his brother.

30.     Mr. Harris' brother had a curfew, but it did not begin until after 10:30 p.m., so he had not been in violating the terms of his conditional release.

31.     As a result of the events described above, Mr. Harris suffered and will continue to suffer a loss of liberty, fear , anxiety, inconvenience, humiliation, emotional distress, a loss of enjoyment of life, and other damages.

## COUNT I –FOURTH AMENDMENT VIOLATIONS

32.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-31 of this complaint.

33.    The defendant violated Mr. Harris' constitutional rights by stopping him, detaining him, arresting him, searching his body, searching his car, and using excessive force against him by pointing guns at him and handcuffing him, without reasonable or probable cause to do so, and without a reasonable basis for doing so.

34.    The defendant's conduct violated Mr. Harris' clearly established constitutional rights under the Fourth and Fourteenth Amendments to the Constitution to the United States.

35.    The defendant could not reasonably have believed that he was within the constitutional limitations on the exercise of his authority when he did the things described above.

36.    As a result of the unconstitutional actions described above, Mr. Harris has suffered and will continue to suffer the damages set forth above.

37.    These claims are actionable under 42 USC §1983.

**WHEREFORE**, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorneys' fees under 42 USC §1988, and any other relief this court deems fair and just.

## COUNT II – INTENTIONAL TORTS

38. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-37 of this complaint.

39. The actions described above constitute a false arrest, a false imprisonment, and an assault and battery.

40. The defendant has no basis under state statutory law, including under MCL 764.15, to do what he did.

**WHEREFORE**, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorneys' fees and any other relief this court deems fair and just.

Dated: February 26, 2025                    WILLIAM F. PIPER
                                            Attorney for the plaintiff

                                            */s/ William F. Piper*
                                            William F. Piper
                                            BUSINESS ADDRESS
                                            9848 Portage Road
                                            Portage, MI  49002